UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA SEIDMAN and
CHRISTOPHER HANOLD,

                             **Plaintiffs,**

   vs.                                                   1:18-CV-202
                                                            (MAD/CFH)

JOSEPH COLBY,

                             **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**GREGORY MOUTON**                   **GREGORY PAUL MOUTON, JR., ESQ.**
10 Times Square
6th Floor
New York, New York 10018
Attorney for Plaintiffs

**OFFICE OF THE NEW YORK STATE**    **KONSTANDINOS D. LERIS, AAG**
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Currently pending before the Court is Defendant Joseph Colby's ("Defendant") motion for a bill of costs. *See* Dkt. No. 137. Defendant seeks costs and expenses totaling $1,200.31. *See id.* at 1. Plaintiffs oppose the motion insofar as it seeks $268.00 subsistence costs for non-party witness Daniel Dworkin ("Dworkin"). *See* Dkt. No. 138. For the following reasons, the motion is granted in part and denied with respect to the subsistence costs for Dworkin.

1

A witness is entitled to a subsistence allowance "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day."  28 U.S.C. § 1821(d)(1).  The Northern District of New York's Guidelines for Bills of Costs ("the Guidelines") state that the request should include the "name of the witness, an explanation of why the overnight stay was required, receipts for relevant expenses, and the applicable per diem rate."  NDNY Guidelines at F.1.c.

Here, Defendant explained in his supporting exhibit that "[a] hotel was necessary for non-party witness, Sergeant Daniel Dworkin, because he had to travel over 145 miles round trip for court."  Dkt. No. 137 at 3.  Defendant explained that "Sergeant Dworkin came to Albany on Tuesday February 20, 2024, to prepare for his upcoming trial testimony," and although he was expected to "testify in the morning on February 21, 2024," he "was not able to testify until February 22, 2024," and therefore required "overnight fees for two nights[.]"  *Id.*

Plaintiffs argue that Defendant's explanation for why Dworkin needed to stay overnight and park his car in Albany is inadequate.  Plaintiffs argue that Dworkin "traveled [ ] only 70 miles, resulting in travel of only 1 hour and 13 minutes," was never even expected to testify on February 20, 2024, and "had no reason to be in Albany" on that day.  Dkt. No. 138 at 2-3.  It is clear from the Google Maps printout Defendant submitted that the trip from Salt Point, New York, to Albany, New York, takes approximately seventy minutes.  *See* Dkt. No. 137-3 at 1.  Plaintiffs further assert that "Defendant had no reason to request Dworkin's presence in Albany on February 21, 2024" because it was clear that Dworkin would not testify until the third day of trial.  *Id.* at 3.  Additionally, Plaintiffs argue that Dworkin was not needed in Albany on February 20, 2024, because he could have been prepared for his testimony by video conference.  *See id.*

Given Dworkin's proximity to the courthouse, especially in light of the fact that many jurors traveled just as far if not father than he did, the Court finds an overnight stay was not required for either night.  *See Equal Emp. Opportunity Comm'n v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 240 (E.D.N.Y. 2018); *see also Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 236 (E.D.N.Y. 2012).

Counsel has provided an itemized summary documenting fees for the court reporter for depositions of Joshua Seidman, Christopher Hanold, Taylor Armstrong, and Susan Tychostup, totaling $794.76.  *See* Dkt. No. 137 at 5; Dkt. No. 137-1 at.  The Court finds that $794.76 is reasonable, given the hours expended, the fact that counsel secured a favorable outcome for Defendant, and the Plaintiff's lack of opposition to the request.  Counsel has provided an itemized summary documenting $97.55 in fees for mileage, and $40 in fees for attendance for Dowrkin.  *See* Dkt. No. 137 at 2-3; Dkt No. 137-3.  Given Plaintiff's lack of opposition to the request, the Court finds that this request is reasonable.

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for costs (Dkt. No. 137) is **GRANTED in part and DENIED in part**, such that costs are awarded to Defendant in the amount of NINE HUNDRED THIRTY-TWO DOLLARS AND THIRTY-ONE CENTS ($932.31); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

 IT IS SO ORDERED.

Dated:  June 25, 2024
          Albany, New York

Mae A. D'Agostino
U.S. District Judge

3